UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Virgilio MARTINEZ ARANDA,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>Christopher J. LaROSE, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No.: 25-cv-2730-AGS-AHG<br><br>**ORDER SCREENING HABEAS PETITION (ECF 1)** |

Petitioner Jose Martinez Aranda seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. (*See* ECF 1.)

**SCREENING**

The Court first must screen the habeas petition and dismiss it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *id.*, Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). To survive screening, the petitioner need only state a claim that is sufficiently "cognizable" to warrant a return or answer from the government. *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). "[A]s long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id.*

On "June 28, 2025," according to Martinez Aranda's petition, he was arrested by Immigration and Customs Enforcement. (ECF 1, at 2.) Although initially "granted release from custody," the government appealed that decision to the Board of Immigration Appeals, which is "currently pending." (*Id.*) He's also requested asylum, withholding from removal, and adjustment of status, all of which are purportedly "pending." (*Id.* at 6–7.) In his petition, he seeks release because his continued detention violates "8 U.S.C. § 1231(a)." (*Id.* at 9 (Count I).) He also alleges his arrest was "without reasonable suspicion in violation of the Fourth Amendment safeguard against unreasonable seizures." (*Id.* at 11 (Count II).)

More specifically, he argues that his arrest violated the Ninth Circuit's holding that "ICE agents" are not "permitted to carry out preplanned mass detentions, interrogations, and arrests" at a work site "without individualized reasonable suspicion." (*Id*. at 7 (quoting *Perez Cruz v. Barr*, 926 F.3d 1128, 1133 (9th Cir. 2019)). Finally, he asserts that his continued detention deprives him of his due process rights under the Fifth Amendment because he does not "pose a danger to the community" nor "a risk of flight." (*Id*. at 14 (Count III).)

There are concerning legal holes in the petition. For example, Martinez Aranda does not suggest how this Court has authority to review bond determinations—especially those currently on appeal. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section [regarding, among other things, bond decisions after "the detention of any alien"] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Nor does he explain why release from immigration detention is a proper remedy for an allegedly problematic seizure. *Cf. United States v. Crews*, 445 U.S. 463, 474 (1980) (noting, in the criminal context, that the Fourth Amendment's "exclusionary principle" "delimits what proof the Government may offer against the accused at trial, closing the courtroom door to evidence secured by official lawlessness," but an individual "is not himself a suppressible 'fruit'"). And his claim concerning the final-removal-order detention provisions in 8 U.S.C. § 1231 is puzzling, as he does not claim to be under an order of final removal. (*See generally* ECF 1.)

Regardless, although the question is a close one, the Court concludes that Martinez Aranda's allegations are "not so frivolous or incredible as to justify summary dismissal[.]" *See Neiss*, 114 F.4th at 1045. So, respondents must answer.

## CONCLUSION

The Court orders as follows:

1. By November 6, 2025, respondents must file their answer to the habeas petition and show cause why the writ should not be granted.
2. By November 20, 2025, Martinez Aranda must file any reply to the government's answer.
3. On **Thursday, December 2, 2025, at 10:00 a.m.**, the Court will hold a hearing regarding the habeas petition.

Dated:  October 16, 2025

_____
Hon. Andrew G. Schopler
United States District Judge